IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GILBERT ONTIVEROS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No.  EP-14-CV-158-ATB |
| | § | (by consent) |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration,[1] | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

**I. PROCEDURAL HISTORY**

On April 6, 2011, Plaintiff filed an application for DIB, alleging a disability onset date of March 21, 2011.  (R. 110).  His application was denied initially and denied upon reconsideration. (R. 53, 59).  Plaintiff filed a request for a hearing, which was held on August 1, 2012.  (R. 26-48,

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

63).  The Administrative Law Judge ("ALJ") issued a decision on October 25, 2012, denying benefits.  (R. 10-21).  Subsequently, the Appeals Council denied review.  (R. 3-5).

## II.   ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence.  (Pl.'s Br. 2, ECF No. 18).

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because Plaintiff is unable to perform the standing/walking requirements of light work.[2] (*Id.* at 4-7).  Specifically, Plaintiff claims that the medical evidence supports that he is unable to perform at least six hours of standing/walking as required by the full range of light work and, therefore, the ALJ should have limited Plaintiff to sedentary work.[3] (*Id.*)  Additionally, Plaintiff argues that although the ALJ found that Plaintiff could perform a limited range of light work, the ALJ's failure to address Plaintiff's ability to stand/walk coupled with the medical evidence demonstrates that Plaintiff is unable to meet the strength and other demands of light work.  (*Id.* at 6-7).  Plaintiff contends that failure to meet the strength and other demands of light work required the ALJ to apply Medical-Vocational Guideline 201.14 to reach a finding that Plaintiff

---

[2] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").  Additionally, SSR 83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

[3] 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").  Additionally, SSR 83-10 states, "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday."

was disabled. (*Id.* at 7, citing 20 C.F.R. §§ 404.1569a, 416.969(a); 20 C.F.R. Part 404, Subpart P, Appendix 2). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 7-8).

### III.   DISCUSSION

**A.   Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.   Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant

has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  The claimant bears the burden of proof at the first four steps of the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  Once the claimant meets that burden, it shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989) (per curiam).

In the present case, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, status post L4-S1 fusion with residuals, obesity, and right eye blindness.  (R. 12).  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments.  (R. 13-15).  In doing so, the ALJ determined that Plaintiff's impairments did not meet the criteria of listing 1.04, Disorders of the Spine, and listing 2.02, Loss of Central Visual Acuity.  (R. 13-14; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1).  The ALJ also considered Plaintiff's obesity according to SSR 02-1p.  (R. 13-15).  After considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform light work, limited insofar as

> he can only occasionally operate foot controls with the left leg; he can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps or stairs, stoop, crouch, kneel, and crawl; he has no peripheral vision, depth perception, or nighttime vision on the right side, essentially limiting him to tasks requiring only monocular vision; and he requires a sit/stand option allowing him to change positions at will, provided that the longest period of time that he can sit or stand at one time is 30 minutes.

(R. 15). The ALJ determined that Plaintiff was unable to perform his past relevant work. (R. 20). After considering Plaintiff's RFC, age, education, and work experience, in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and based on the testimony of the vocational expert ("VE"), the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. 20-21). Specifically, the ALJ concluded that Plaintiff could perform the jobs of cashier, greeter, and silver wrapper. (R. 20-21). Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R. 21).

C.   **The ALJ's Determination of Plaintiff's Residual Functional Capacity**

Plaintiff contends that he is unable to perform the standing/walking requirements of light work. (Pl.'s Br. 4-7, ECF No. 18). He argues that the medical record supports that he is unable to perform at least six hours of standing/walking and, therefore, that the ALJ's RFC determination is tainted. (*Id.*) Plaintiff further argues that his inability to meet the strength and other demands of light work required the ALJ to find Plaintiff disabled under Medical-Vocational Guideline 201.14. (*Id.* at 6-7).

Residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269

F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

### D.     Analysis

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 3, ECF No. 18). Plaintiff argues that the medical evidence supports his inability to perform at least six hours of standing/walking required by the full range of light work. (*Id.* at 4-6, citing SSR 83-10). Plaintiff further argues that the ALJ's failure to address Plaintiff's ability to stand/walk coupled with the medical evidence supports Plaintiff's inability to meet the strength and other demands of light work. (*Id.* at 6-7). Plaintiff maintains that the ALJ's faulty RFC determination taints the remaining steps of the sequential evaluation process and, if the ALJ limited Plaintiff to sedentary work, Medical-Vocational Guideline 201.14 would have required the ALJ to find that Plaintiff was disabled. (*Id.* at 7, citing 20 C.F.R. §§ 404.1569a, 416.969(a); 20 C.F.R. Part 404, Subpart P, Appendix 2).

The Commissioner responds by arguing that Plaintiff presents incorrect arguments regarding whether the ALJ took into account Plaintiff's inability to stand/walk in accordance with light work and whether the inability to stand/walk in accordance with the full range of light

work would limit Plaintiff to sedentary work and render him disabled. (Def.'s Br. 5, ECF No. 20, citing Pl.'s Br. 5-7, ECF No. 18). The Commissioner contends that the ALJ properly limited Plaintiff to a reduced range of light work and the ALJ's questioning of VE demonstrates that Plaintiff's ability to stand and to sit were properly assessed. (*Id.* at 5-6, citing *Scott v. Shalala*, 30 F.3d 33, 34-35 (5th Cir. 1994); SSR 83-10). Moreover, the Commissioner maintains that an inability to perform at least six hours of standing/walking does not require the ALJ to find that Plaintiff is limited to sedentary work. (*Id.* at 6, citing *Hillman v. Barnhart*, 170 F. App'x 909, 913-14 (5th Cir. 2006) (per curiam) (unpublished); *Fuller v. Astrue*, Civ. A. No. 3:07-CV-0982-BF (R), 2008 WL 3874671, at *8 (N.D. Tex. Aug. 12, 2008); *Smith v. Chater*, 962 F. Supp. 980, 983 (N.D. Tex. 1997)). Additionally, the Commissioner maintains that the medical evidence does not support greater limitations than the ALJ assigned in the RFC, that the hypothetical question posed to the VE properly reflected Plaintiff's ability to stand/walk and the VE's testimony provided substantial evidence for the ALJ to rely on, and that the ALJ properly considered Plaintiff's ability to work for several years despite similar impairments. (*Id.* at 6-9).

     A review of the record evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff retained the capacity to perform a limited range of light work. Furthermore, the record clearly demonstrates that the ALJ took into account the evidence regarding Plaintiff's ability to stand/walk. Consequently, the ALJ did not err in his RFC determination and he was not required to apply Medical-Vocational Guideline 201.14 at step five.

     The Court rejects Plaintiff's argument that the ALJ erred in failing to fully address Plaintiff's ability to stand/walk because the Court finds that the medical evidence fails to demonstrate any limitations imposed by any physician regarding the total number of hours

Plaintiff could stand/walk. The Court stresses that the relevant question for review is whether the ALJ's decision is supported by substantial evidence, not whether the record contains evidence to support greater standing/walking limitations. *See Navarro v. Colvin*, No. A-12-CV-040-LY-AWA, 2013 WL 1704795, at *3 (W.D. Tex. Apr. 19, 2013) (citing *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997)). Despite Plaintiff's attempt to cite several of his medical records in order to demonstrate that he is unable to "stand/walk for extended periods of time," none of the cited records establish any physician-imposed limitation on the total number of hours Plaintiff could stand/walk. (Pl.'s Br. 4-5, ECF No. 18, citing R. 199, 201-02, 204-06, 212, 214-15, 223-24, 288, 290, 314). As stated below, the February 3, 2012 functional capacity evaluation and the state agency medical consultants' functional capacity evaluations provide substantial evidence supporting the ALJ's RFC determination.

The Court finds that the February 3, 2012 functional capacity evaluation performed by the El Paso Orthopaedic Surgery Group and Center for Sports Medicine constitutes substantial evidence supporting the ALJ's RFC determination. (R. 18-19; 292-98). The evaluation determined that Plaintiff "demonstrated a sitting tolerance of 30 minutes with some occasional weight shifting position changes observed," that Plaintiff "demonstrated a standing tolerance of 60 minutes with frequent weight shifting position changes observed," and that Plaintiff "completed the modified Bruce treadmill test" and "walk[ed] with an antalgic gait pattern favoring the left side." (R. 296). The evaluation, however, does not present any limitations regarding the total number of hours that Plaintiff could stand/walk in an eight hour workday and the limitations in this evaluation are incorporated into the ALJ's RFC determination. (R. 18-19; 292-98). Moreover, the ALJ's decision establishes that he found that this evidence "demonstrated an ability to perform light work." (R. 19). As the evaluation contains no

limitations on the total number of hours that Plaintiff could stand/walk in an eight hour workday, the Court finds that it supports the ALJ's RFC determination.

The Court also finds that the state agency medical consultants' functional capacity evaluations provide substantial evidence supporting the ALJ's RFC determination. *See Brown v. Astrue*, Civ. A. No. 3:08-CV-0255-D, 2009 WL 64117, at *4 (N.D. Tex. Jan. 12, 2009) (citations omitted); *Barrington v. Barnhart*, Civ. A. No. SA02CA0993RF, 2005 WL 2137911, at *7 (W.D. Tex. July 13, 2005). On June 30, 2011, a Physical Residual Functional Capacity Assessment form was completed by Dr. Frederick Cremona. (R. 226-33). Dr. Cremona determined that Plaintiff was able to perform light work with postural and visual limitations. (R. 227-30). In making this determination, Dr. Cremona noted, among other things, that Plaintiff continued to work without restrictions, that Plaintiff was observed to have no difficulties in sitting, standing, or walking, and that Plaintiff was not utilizing an assistive device. (R. 233). Dr. Cremona concluded that Plaintiff's limitations were not wholly supported by the medical records. (R. 231). The Court notes that Dr. Cremona's RFC determination was affirmed by Dr. Laurence Ligon, who stated, among other things, that Plaintiff left his past job for reasons other than his condition. (R. 234). The ALJ properly considered the state agency medical consultants' opinions and accorded them significant weight. (R. 19). Therefore, the Court finds that the state agency medical consultants' functional capacity evaluations provide substantial evidence supporting the ALJ's RFC determination because the state agency medical consultants imposed no limitations on the total of number of hours that Plaintiff could stand/walk.

Additionally, the Court finds that the ALJ's opinion is supported by Plaintiff's ability to work at the medium exertional level for several years despite similar clinical findings regarding his back condition that he now claims limit his ability to stand/walk. *See Vaughan v. Shalala*, 58

F.3d 129, 131 (5th Cir. 1995) (per curiam) (holding that substantial evidence supported the ALJ's decision where the claimant was able to work for several years despite suffering from conditions that she asserted were disabling (citing *Fraga v. Bowen*, 810 F.2d 1296, 1305 & n.11 (5th Cir. 1987))). In his opinion, the ALJ stated:

> Although the medical evidence of record documents positive clinical findings, these findings have existed in their present level since before Mr. Ontiveros discontinued work. Despite the positive clinical findings, his physician noted he was working without restrictions in a position which the vocational expert identified as requiring medium exertional abilities. [] It appears from his testimony that the reason he left his last job was greatly related to his vision problems causing accidents and not to his lower back complaints.

(R. 19). The ALJ properly considered Plaintiff's ability to work for several years at a higher exertional level despite his allegedly disabling impairments and, therefore, the Court finds that this evidence provides further support of the ALJ's RFC determination.

The Court also rejects Plaintiff's position that the inability to perform the full range of light work required the ALJ to find that Plaintiff could perform sedentary work. (Pl.'s Br. 4-7, ECF No. 18). In order to perform the full range of light work, an individual "must have the ability to do substantially all of [the] activities [required]." 20 C.F.R. § 404.1567(b); *see also* SSR 83-10. The ALJ, however, did not find that Plaintiff could perform the full range of light work but found that Plaintiff was limited in his ability to perform light work by, among other things, the need for a sit/stand option at will with the additional restriction that Plaintiff could not sit or stand for more than 30 minutes at one time. (R. 15). Plaintiff's inability to perform the full range of light work does not mean that he must be limited to sedentary work. *See Conaway v. Astrue*, No. 3-07-CV-0906-BD, 2008 WL 4865549, at *4 (N.D. Tex. Nov. 10, 2008). "Indeed, the social security regulations specifically contemplate a situation where residual functional capacity may be 'somewhere in the middle' in terms of the regulatory criteria for exertional

ranges of work." *Id.* (citing SSR 83-12). When such a situation exists, the ALJ, as he did in this case, should consult with a VE to determine how Plaintiff's limitations affect the range of work provided for in the ALJ's RFC determination and whether Plaintiff can perform other work that exists in significant numbers in the economy. *See id.* (citation omitted); *see also Lewis v. Colvin*, Civ. A. No. 3:14cv137-CWR-LRA, 2015 WL 5224366, at *5-6 (S.D. Miss. July 16, 2015) (holding that the ALJ's RFC determination was supported by substantial evidence despite the ALJ's failure to quantify the frequency or duration that the plaintiff could sit and stand when presenting a hypothetical question to the VE), *report and recommendation adopted*, No. 3:14-cv-137-CWR-LRA, 2015 WL 5224387, at *1 (S.D. Miss. Sept. 8, 2015); *Malley v. Astrue*, Civ. A. No. 11-614, 2012 WL 520168, at *7 (E.D. La. Jan. 20, 2012) (holding that the ALJ's RFC determination was supported by substantial evidence where the ALJ found that the plaintiff was limited in his ability to perform light work by, among other things, the ability to stand and/or walk for only two hours per day), *report and recommendation adopted*, Civ. A. No. 11-614, 2012 WL 520146, at *1 (E.D. La. Feb. 15, 2012). Moreover, the VE testified that despite the sit/stand option presented in the ALJ's hypothetical question, the VE's analysis of the jobs and her training supported Plaintiff's ability to perform the identified jobs. (R. 21, 47). Therefore, the Court finds that the ALJ did not err in his RFC determination.

As the Court finds that substantial evidence supports the ALJ's RFC determination, the Court rejects Plaintiff's argument that the ALJ erred by failing to apply Medical-Vocational Guideline 201.14. (Pl.'s Br. 7, ECF No. 18). The ALJ properly determined that Plaintiff could perform a limited range of light work and through the VE's testimony demonstrated that other jobs existed in the economy which Plaintiff could perform. Therefore, the Court finds that the Commissioner's decision should be affirmed.

## IV. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 26th day of April, 2016.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**